DOCKET NO. 761                                    JUN -7 1988

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE "SABRE" AIR PASSENGER COMPUTER RESERVATION SYSTEM ANTITRUST AND CONTRACT LITIGATION

TRANSFER ORDER

This litigation presently consists of 40 actions pending in three federal districts as follows: 32 actions in the Northern District of Texas, seven actions in the Southern District of Texas, and one action in the Southern District of Florida. Before the Panel is a motion by American Airlines, Inc. (American), a party in each of the 40 actions, to centralize the actions in this docket, pursuant to 28 U.S.C. §1407, in the Northern District of Texas for coordinated or consolidated pretrial proceedings.[1] SystemOne Direct Access, Inc. (SystemOne), the plaintiff in one Southern District of Texas action in this docket, agrees with American that Section 1407 centralization is appropriate in this docket. SystemOne urges, however, that all actions in this docket and in a related docket -- MDL-760, In re "Apollo" Air Passenger Computer Reservation System Antitrust and Contract Litigation -- should be centralized before the same judge in the Southern District of Texas. Concurring in SystemOne's position before the Panel are the travel agents that are American's adversary parties in 35 actions in this docket.

On the basis of the papers filed and the hearing held, the Panel finds that the 40 actions in this docket involve common questions of fact and that centralization under Section 1407 in the Northern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in this docket involve substantial common questions of fact relating to, inter alia, 1) American's provision of computer reservation system (CRS) services to travel agents; 2) the reasonableness of the terms and conditions of American's CRS contracts with travel agents; and 3) American's practices in marketing its CRS services, and the effect of those practices on competition. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We are not persuaded, however, that centralization of the actions in this docket and the actions in MDL-760 before the same

---

[1] An additional action that was included in American's Section 1407 motion -- T.K. Travel v. American Airlines, Inc., C.D. California, C.A. No. CV-87-07173-RMT (GHKx) -- was dismissed for lack of prosecution in an order entered on May 2, 1988. Accordingly, the question of inclusion of this action in centralized pretrial proceedings under Section 1407 is now moot.

In addition, the Panel has been advised that nine related actions are pending in Texas state court in Dallas.

-2-

judge, as suggested by SystemOne, would necessarily further the statutory goals of Section 1407. We find that, for purposes of Section 1407, the actions in MDL-760, which focus on the CRS marketing and contracting practices of United Air Lines, Inc., bear an insufficient factual similarity to the actions in the present docket, which focus on American's CRS marketing and contracting practices.

We are persuaded that the Northern District of Texas, where 32 of the 40 actions before us are already pending, is the appropriate transferee forum for this litigation. Additionally, we note that American is headquartered in the Northern District of Texas, and therefore many relevant witnesses and documents are likely to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Jerry Buchmeyer for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-761 -- In re "SABRE" Air Passenger Computer Reservation System Antitrust and Contract Litigation

### Southern District of Florida

The Travel Corp., Inc. v. American Airlines, Inc.,
 C.A. No. 87-1842-Civ.-KEHOE

### Southern District of Texas

Ambassador Travel, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-196
Arbor Travel, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-3007
Holiday Travel, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-2661
World Express Travel, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-3006
Woodlake Travel Servies, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-2851
Scottie's Tour N' Travel, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-3314
System One Direct Access, Inc. v. American Airlines, Inc.,
 C.A. No. H-87-3730

### Northern District of Texas

American Airlines, Inc. v. Colpitts Travel Center of Syracuse, Inc., C.A. No. CA3-87-2049-R
American Airlines, Inc. v. Seven Continents Travel, Inc.,
 C.A. No. CA3-87-2632-R
American Airlines, Inc. v. The Travel Corp., Inc.,
 C.A. No. CA3-87-2047-R
American Airlines, Inc. v. Master Travel, Inc.,
 C.A. No. CA3-87-2804-R
American Airlines, Inc. v. Sportsmans Travel Consultants, Inc.,
 C.A. No. CA3-87-2627-R
American Airlines, Inc. v. Ameri Travel International, Inc.,
 C.A. No. CA3-88-0013-C
American Airlines, Inc. v. Marco Polo Travel, Inc.,
 C.A. No. CA3-88-0016-G
American Airlines, Inc. v. Becks Travel, Inc.,
 C.A. No. CA3-87-2613-G
American Airlines, Inc. v. Drucker/Frost, Inc., etc.,
 C.A. No. CA3-87-2628-G
American Airlines, Inc. v. S.M. Cook Travel, Inc.,
 C.A. No. CA3-87-2616-G
American Airlines, Inc. v. T.K. Travel,
 C.A. No. CA3-87-2637-G
American Airlines, Inc. v. Sunset Travel Services, Inc.,
 C.A. No. CA3-87-2051-G
American Airlines, Inc. v. Intertour of America, Inc.,
 C.A. No. CA3-87-2805-G

MDL-761 (Schedule A cont'd.)

### Northern District of Texas (Continued)

American Airlines, Inc. v. Anchor Travel Service, Inc.,
  C.A. No. CA3-87-2045-D
American Airlines, Inc. v. Mary Go Round Travel, Inc.,
  C.A. No. CA3-88-0015-D
American Airlines, Inc. v. Pacific Northwest Tours and Travel, Inc., C.A. No. CA3-87-2050-D
American Airlines, Inc. v. Rainbow Travel, Inc.,
  C.A. No. CA3-87-2611-D
American Airlines, Inc. v. Sorrell, Inc., et al.,
  C.A. No. CA3-87-2615-D
American Airlines, Inc. v. Singing River Travel, Inc.,
  C.A. No. CA3-87-2803-D
American Airlines, Inc. v. Horizon Travel of Colorado, Inc.,
  C.A. No. CA3-87-3074-D
American Airlines, Inc. v. Destinations, Inc., etc.,
  C.A. No. CA3-87-2626-T
American Airlines, Inc. v. Holiday Travel Service, Inc.,
  C.A. No. CA3-87-0658-T
American Airlines, Inc. v. Manhattan Travel Service, Inc., etc.,
  C.A. No. CA3-87-2048-T
American Airlines, Inc. v. Plan It Travel, Inc.,
  C.A. No. CA3-87-2614-T
American Airlines, Inc. v. RFMK Enterprises, Inc., etc.,
  C.A. No. CA3-87-2610-T
American Airlines, Inc. v. Sanders Travel Consultants, Inc.,
  C.A. No. CA3-87-2629-T
American Airlines, Inc. v. Travel International,
  C.A. No. CA3-87-2631-T
American Airlines, Inc. v. King's Travel, Inc.,
  C.A. No. CA3-87-2806-T
American Airlines, Inc. v. A World of Travel, Ltd.,
  C.A. No. CA3-88-0014-T
American Airlines, Inc. v. Castles In the Sky, Inc.,
  C.A. No. CA3-87-1281-F
American Airlines, Inc. v. Travel Town, Inc.,
  C.A. No. CA3-87-0957-F
Sunset Travel Services, Inc. v. American Airlines, Inc.,
  C.A. No. CA3-87-2051-R